**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| SHERESE-MONIQUE BROWN, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, <br><br> Defendant. | Civil Action No. 25-4466 (CKK) |

**MEMORANDUM OPINION**
(July 21, 2026)

In this action, Plaintiff Sherese-Monique Brown alleges that her former employer, the American Federation of State, County and Municipal Employees, AFL-CIO ("AFSCME"), discriminated against her based on her race, age, and disability, unlawfully interfered with her use of paid family leave and retaliated against her for taking that leave, and engaged in other related unlawful conduct, culminating in her termination in April 2025.

On the day of the deadline that the Court established for amended pleadings, Ms. Brown filed a proposed amended complaint, without first seeking leave of the Court or the consent of Defendant AFSCME. Defendant AFSCME has now filed a motion to strike Ms. Brown's amended pleading, and Ms. Brown has filed a motion to leave to file the amended pleading, *nunc pro tunc*. Each party opposes the other's motion, and the motions are ripe for decision. Upon consideration of the parties' submissions,[1] the relevant legal authority, and the entire record, the Court shall

---

[1] The Court's consideration has focused on the following documents, including the attachments and exhibits thereto:
- Ms. Brown's Proposed Amended Complaint ("Proposed Am. Compl."), Dkt. No. 17;
- Defendant AFSCME's Motion to Strike ("Def.'s Mot."), Dkt. No. 19;
- Ms. Brown's Motion for Leave to Amend ("Pl.'s Mot."), Dkt. No. 20;
- Ms. Brown's Opposition to AFSCME's Motion ("Pl's Opp'n"), Dkt. No. 21;
- AFSCME's Opposition and Reply ("Def.'s Opp'n & Reply"), Dkt. No. 23.

1

**DENY** the Defendant's [19] Motion to Strike, **GRANT** Ms. Brown's [20] Motion for Leave to Amend, **VACATE** the existing scheduling order, and **ORDER** the parties to file a joint status report proposing a new schedule for further proceedings, beginning with a response from Defendant AFSCME to Ms. Brown's Amended Complaint, which shall be filed on or before **August 31, 2026**.

Defendant AFSCME is correct that Ms. Brown's motion for leave to amend is untimely and that her proposed amendment was not filed in accordance with the relevant Federal Rules, the Local Rules of this Court, and this Court's scheduling and procedures order. *See* Fed. R. Civ. P. 15(a)(2) (providing that after more than 21 days have passed since the service of a responsive pleading or motion, "a party may amend its pleading only with the opposing party's written consent or the court's leave"); LCvR 15.1 (providing that a party may move to amend a pleading by filing "motion for leave to file," which "shall attach, as an exhibit, a copy of the proposed pleading as amended"); LCvR 7(m) (providing that "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement"); Scheduling and Procedures Order, Dkt. No. 15 (providing that "[m]otions to amend pleadings" were to be filed on or before June 3, 2026). The parties are reminded of the importance of strict adherence to the requirements of these rules, including the duties they impose on counsel to confer with one another before filing motions or amended pleadings.

Because Ms. Brown's motion was filed out-of-time, the motion may be granted only upon a showing of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). When determining whether neglect is "excusable," courts consider "(1) the danger of prejudice to the party opposing the modification, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay,

including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207, 1209 (D.C. Cir. 2003) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

The delay at issue here is a relatively short one, and it appears to have resulted from a good-faith mistake. Ms. Brown's counsel candidly admits that the belated filing resulted from counsel's own oversight. Pl.'s Opp'n at 1. Counsel filed the proposed amended complaint on the deadline for such amendments but neglected to file the motion that counsel had drafted to accompany it. *Id.* Although attorney errors are not always "excusable," whether a given error is within this category is a matter for the district court to decide in an exercise of discretion. *In re Vitamins Antitrust Class Actions*, 327 F.3d at 1210.

The Court recognizes that any delay inevitably causes some degree of prejudice to the Defendant, which must develop its case and craft timely discovery responses based on the claims presented in the operative pleading. *See In re Vitamins Antitrust Litig.*, 217 F.R.D. 30, 33 (D.D.C. 2003) (TFH) (recognizing that an amendment triggering a need for additional discovery and a likely delay of trial preparation was prejudicial to a defendant).

However, in this case, the resulting prejudice can be cured by allowing the Defendant an appropriate period to respond to the amended pleading and by adjusting discovery deadlines accordingly. This is not a case in which a plaintiff has moved for leave to amend after a "substantial" delay or where "a significant amount of time has passed during which the parties have conducted discovery and prepared for trial." *Cf. Atchinson v. District of Columbia*, 73 F.3d 418, 427 (D.C. Cir. 1996). On the contrary, discovery has only just begun. Under these circumstances, adjusting deadlines for the Defendant's response to the amended pleading and upcoming discovery deadlines is a more equitable and proportionate remedy than the case-limiting

sanction of striking Ms. Brown's proposed amendment. *See Brooks v. Clinton*, 841 F. Supp. 2d 287, 297 (D.D.C. 2012) (BAH) (declining to strike amended pleading and granting leave to amend, *nunc pro tunc*, where the record showed that the party proposing an amendment was "attempting to comply with, not cavalierly disregard, the scheduling order for amendment of pleadings").

Accordingly, for the foregoing reasons, the Court shall **DENY** the Defendant's [19] Motion to Strike, **GRANT** Ms. Brown's [20] Motion for Leave to Amend, *nunc pro tunc*, and accept Ms. Brown's [17] Amended Complaint as filed. The Court shall **VACATE** the deadlines established in the existing [15] Scheduling and Procedures Order and direct the parties to file a joint status report, on or before **July 31, 2026**, proposing a new schedule for further proceedings, beginning with a response from Defendant AFSCME to Ms. Brown's Amended Complaint, which shall be filed on or before **August 31, 2026**. The parties' proposal for further proceedings shall include deadlines for the parties to supplement or clarify any discovery productions that they have already made in light of the [17] Amended Complaint.

An appropriate Order accompanies this Memorandum Opinion.

**Dated:** July 21, 2026

COLLEEN KOLLAR-KOTELLY
United States District Judge

4